GUARANTY TRUST CO. OF NEW YORK v. GALVESTON CITY R. CO.

(Circuit Court of Appeals, Fifth Circuit. April 19, 1898.)

No. 678.

RAILROAD MORTGAGES—PLEDGE OF BONDS AS COLLATERAL—MORTGAGE TRUSTEE.

A trust company, which was trustee under a railroad first mortgage, afterwards, in its individual capacity, made a loan to the railroad company, secured by a pledge of its second mortgage bonds. *Held*, that the trust company's right to sell the collateral according to the terms of the pledge was not affected by the fact that it had already commenced a foreclosure suit as trustee under the first mortgage, and that a receiver had been appointed in that suit, or by the fact that it had also become the owner of the majority of the first mortgage bonds.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

On the 11th day of October, 1897, the Guaranty Trust Company of New York, as trustee, presented to the Honorable David E. Bryant, in the United States circuit court for the Eastern district of Texas, a bill foreclosing a mortgage upon the Galveston City Railroad Company, appellee, for $1,000,000, principal, and interest, default having been made in the payment of the interest on the bonds issued in conjunction with said mortgage; and on the same day the court appointed a receiver, as prayed in said bill. On December 31, 1896, the Galveston City Railroad Company borrowed of the Guaranty Trust Company of New York, acting in its own right, the sum of $50,000, for which the railroad company executed its note of that date, payable on demand to appellant or order, and deposited as collateral security for said note 75 6 per cent. second mortgage bonds theretofore executed by the Galveston City Railroad Company; being a part of a series of $150,000 of second mortgage bonds secured by a second mortgage executed by the Galveston City Railroad Company to the United States Mortgage & Trust Company of New York, and subordinate to the first or consolidated mortgage previously executed to appellant as trustee. The note provided that, in case of the nonpayment of the same, appellant should be thereby authorized, at its option, to sell the said bonds, without notice, at public or private sale, with the right to purchase the same free from any equity of redemption, and to apply the net proceeds to the payment of the note, and all other indebtedness of the maker. Payment of the principal of the note was demanded, and the note protested, on October 8, 1897; and public advertisement was thereupon made that appellant would sell at auction the bonds deposited as collateral security as aforesaid, at the New York Real-Estate Sales Rooms, the usual place for sales of securities at auction in the city of New York, on October 13, 1897, and notice thereof was sent by telegraph to the appellee; but, upon telegraphic request of appellee's president, appellant postponed the sale. Afterwards, on or about November 15, 1897, the defendant having done nothing towards the payment of said note, appellant advertised said bonds for sale on December 1, 1897, and notified defendant of the time and place of such proposed sale. About November 19, 1897, appellee presented to Judge Bryant, in chambers, at Paris, a petition in this cause, setting forth a copy of the note; alleged the purpose of appellant to sell the bonds on December 1, 1897, in accordance with the notice before mentioned; alleged that the institution of this suit, and the appointment of the receiver herein, had tended to depreciate and impair the value of said second mortgage bonds held as collateral. It is also alleged that the property of appellee, if properly administered, was ample for both the first and second mortgage bonded indebtedness; that the second mortgage bonds so pledged were assets of appellee, and as such subject to the receivership in this cause; and that the sale thereof should not be allowed without the order of the court herein. It was also alleged that such sale would probably enable appellant to bid in the bonds at a nominal figure, and proceed against the property of the appellee for the deficit; that appellee would be irreparably damaged by the sale of said bonds; that the course of dealing between the par-

ties had been such as to amount to an extension of said loan, but that, aside from that, appellants should not be allowed to take advantage of the situation, and dispose of said bonds at a depreciated price, resulting from its own action in obtaining the appointment of a receiver in this cause, etc. And the prayer was for an injunction prohibiting and restraining appellant from selling said bonds until the further order of the court. Upon this petition, Judge Bryant, on November 29, 1897, made an order granting the restraining order asked, with leave to appellant to at any time apply for dissolution of the same after five days' notice to appellee, and the restraining order issued accordingly. On December 13, 1897, appellant filed a motion to dissolve the restraining order for the reasons therein stated, and gave notice to appellee that it would present said motion to Judge Bryant, at Tyler, on the 3d day of January, 1898, or as soon thereafter as said judge could hear the same. In support of said motion, it filed an affidavit of Henry A. Murray, treasurer of appellant, which is set forth in the record (and from it it appears that appellant holds the note set forth in the appellee's petition for injunction, and the bonds therein referred to, as collateral), and stated the notice given, and the proceedings taken to sell the same, as hereinbefore shown, and that the bonds thus held as collateral were not assets of the appellee, but were its own obligations, and were not subject to the receivership in this cause, which extends only to the assets covered by the mortgage sought to be foreclosed herein. It is also denied that the course of dealing between the parties had been such as to amount to an extension of said loan, as stated in the petition for injunction. Subsequently, on January 5, 1898, appellee filed a reply to the motion to dissolve; and the court, after hearing, on the same day, refused appellant's motion to dissolve said injunction, and ordered that it be continued and made perpetual, which order was assigned as error; and an appeal was taken, and brought to this court.

R. S. Lovett, for appellant.
James B. Stubbs, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge, after stating the facts as above, delivered the opinion of the court.

It is difficult to understand upon what the appellee bases its right for an injunction in this case. In the suit for foreclosure, in which the receiver was appointed, appellant acted solely as a trustee for the bondholders, and its powers and status in that case was as such trustee only. It stands in the place of, and represents, the bondholders. It has no individual interest in the suit, further than the performance of its duties as trustee; proceeding solely in a fiduciary capacity, and in the interest of those it represents. The relief sought by the Galveston City Railroad Company by its petition herein is against the appellant individually. It does not grow out of its connection with the foreclosure of the mortgage. The indebtedness of $50,000 occurred nearly a year before foreclosure suit was commenced. Seventy-five second mortgage bonds to another corporation as trustee were pledged as collateral security for this loan. Appellant was given a right, by the terms of the pledge, to sell this collateral upon default in the payment of the debt. In this transaction appellant was acting in its own interest, as a lender of money. Upon what principle can it be claimed that its rights in respect to such transaction are in any way affected by the circumstance that it happened to be at the time a trustee named in a mortgage theretofore executed by the railroad company

to secure an issue of bonds held by others? The foreclosure was commenced and prosecuted by the bondholders through their representative. That controversy is wholly between the bondholders and the railroad company, and the controversy between the railroad company and the appellant respecting this $50,000 loan is altogether foreign to the foreclosure proceedings. The bondholders are in no wise concerned in it, and their foreclosure proceedings cannot properly be modified or incumbered thereby. Neither does the charge made in the petition for injunction, that the foreclosure proceedings had impaired the value of the second mortgage bonds, have any effect on the rights of the appellant in this case. Its rights as the holder of the note and the collateral pledge to secure the same are wholly distinct from the right and action of the bondholders secured by the first mortgage now under foreclosure; and its right to proceed against the appellee upon its own claim could not be in any manner impaired or prejudiced by the action taken by the holders of the first mortgage bonds. Whatever position the second mortgage bonds might hold under other circumstances, their relation in this suit is that of a liability of the appellee, pledged to secure a debt to the appellant on a note which is overdue, and are not the bonds of some other corporation or person, owned by the railroad company, and subject to the control of the receiver. They are evidence of debt, not assets of the appellee. They have never been assets of the Galveston City Railroad Company. The right of appellant to sell the bonds pledged under the terms of the contract, and the powers confirmed by the terms of the pledge, were not in any way affected by the appointment of a receiver; nor were the position, character, or rights of the parties modified by the allegation that the appellants were the holders of the majority of the first mortgage bonds. The bonds may change hands; the trustee may be changed for cause; the receivership may extend for years. When, it might be asked, shall the appellant be permitted to realize on its collateral? The order granting the injunction is reversed, and the cause remanded, with instructions to the circuit court to dismiss the petition.